UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KHUSHDEEP BADHWAR (A-226-131-029),<br><br>            Petitioner,<br><br>      v.<br><br>MINGA WOFFORD, et al.,<br><br>            Respondents. | Case No.  1:26-cv-1397 DAD CSK<br><br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner KHUSHDEEP BADHWAR (A-226-131-029), a noncitizen, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 challenging his re-detention by U.S. Immigration and Customs Enforcement ("ICE").  (ECF No. 1.)  Petitioner argues that his re-detention without a hearing and his continued detention violates his due process rights under the Fifth Amendment and exceeds statutory authority.  (Id. (claims one through three).)  For the following reasons, this Court recommends that the petition be granted.

I.      LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States."  Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2).  "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure

1

release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

## II.    DISCUSSION[1]

On February 17, 2026, petitioner filed his habeas petition and a motion for a temporary restraining order. (ECF Nos. 1, 2.) On February 18, 2026, the district judge ordered respondents to substantively address whether any provision of law or fact in this case would distinguish it from the district judge's decision in Perez v. Albarran, 2025 WL 3187578 (E.D. Cal. Nov. 14, 2025), and other similar cases previously decided by the district judge, or otherwise indicate that the matter is not substantively distinguishable. (ECF No. 6.) The district court also directed respondents to indicate whether they oppose converting the motion for temporary restraining order into a motion for preliminary injunction. (Id.) On February 19, 2026, respondents filed an opposition to the motion for a temporary restraining order. (ECF No. 7.) In the opposition, respondents argued that petitioner is being detained pursuant to the mandatory detention statute, 8 U.S.C. § 1225(b)(1), because he is an "applicant for admission," but also acknowledged that this case is not substantively distinguishable from the Court's prior precedent, including Perez, 2025 WL 3187578. (Id. at 1-2.) On February 25, 2026, the district judge noted respondents argued only that petitioner is subject to mandatory detention by virtue of being present in the United States, an argument that the district judge has rejected on several recent occasions. (ECF No. 8 (citing Wasef v. Chestnut, 2026 WL 392389 (E.D. Cal. Feb. 12, 2026).) After consideration of the circumstances of petitioner's current detention and the parties' arguments, the district judge found analogous and persuasive the judge's prior orders. (ECF No. 8 (citing

---

[1]  The factual and procedural background previously presented in the district judge's February 25, 2026 order is incorporated herein. (See ECF No. 8.)

2

Perez, 2025 WL 3187578; O.A.C.S. v. Wofford, 2025 WL 3485221 (E.D. Cal. Dec. 4, 2025).) The district judge then converted petitioner's motion for a temporary restraining order to a motion for preliminary injunction and granted the injunction. (ECF No. 8.) In addition to granting petitioner's immediate release, the district court enjoined and restrained respondents from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner written notice and a pre-detention hearing before a neutral adjudicator, where respondent shall bear the burden of demonstrating that petitioner poses a risk of flight or a danger to the community. (Id.) The district court referred this action to the assigned magistrate judge for further proceedings. (Id.)

On March 2, 2026, this Court provided respondents an opportunity to submit additional briefing to decide the merits of the underlying petition. (ECF No. 9.) Respondents did not submit any additional briefing, and briefing is closed. (See Docket.)

Where the record before the district court has not changed since the district court's ruling on the motion for a temporary restraining order and request for a preliminary injunction, this Court recommends that the petition for writ of habeas corpus be granted based on a finding that petitioner was re-detained pursuant to § 1226(a) because he was previously released on his own recognizance, which created a reliance interest such that petitioner was entitled to the due process available under 8 U.S.C. 1226(a) (claim three). See Wasef, 2026 WL 392389 at *1-4 (rejecting respondents' interpretation of § 1225). Further, this Court recommends granting petitioner's due process claims (claims one and two) based on a finding that respondents violated petitioner's Fifth Amendment due process rights by re-detaining him without a hearing. See Perez, 2025 WL 3187578, at *2-4; O.A.C.S. v. Wofford, 2025 WL 3485221, at *3-5.

This Court further recommends that a permanent injunction be issued enjoining and restraining respondents from re-detaining petitioner unless the government demonstrates, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that petitioner is a flight risk or danger to the community such that his physical custody is legally justified. Petitioner shall be allowed to have his counsel present.

/ / /

3

## III.   CONCLUSION

Accordingly, it is hereby RECOMMENDED that:

1. The petition for writ of habeas corpus be GRANTED.

2. A permanent injunction be issued enjoining and restraining respondents from re-detaining petitioner Khushdeep Badhwar (A-226-131-029) unless the government demonstrates, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that petitioner is a flight risk or danger to the community such that his physical custody is legally justified.  Petitioner shall be allowed to have his counsel present.  This injunction does not address other circumstances where detention authority is established under different authority than what is presented in this case.

3. The Clerk of Court be directed to enter judgment for petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **seven** days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within **seven** days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  March 23, 2026

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/badh1397.157.2241.imm

4